```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ORLANDO RODRIGUEZ,                        :

                Petitioner,               :       **MEMORANDUM & ORDER**

        -against-                         :       08 Civ. 2074 (CM)(KNF)

ROBERT ERCOLE,                            :

                Respondent.               :
-------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. INTRODUCTION

Orlando Rodriguez ("Rodriguez"), proceeding pro se, moves for an order staying the instant habeas corpus proceedings and holding his petition in abeyance so that he may return to state court to exhaust an ineffective assistance of trial counsel claim. Specifically, Rodriguez requests that he be permitted to file an appeal, in state court, from the denial of his New York Criminal Procedure Law ("CPL") § 440.10 motion, in which he raised a claim of ineffective assistance of trial counsel, based on counsel's failure to: (1) advise him to accept a favorable plea-bargain offer; and (2) inform him of the disparity in sentencing exposure between a sentence imposed after trial and that proposed in the plea-bargain offer. The respondent has not submitted any writing to the Court in opposition to Rodriguez's application.

## II. BACKGROUND AND PROCEDURAL HISTORY

On September 30, 2004, at a pre-trial hearing, Rodriguez's counsel, Daniel Scott

1

("Scott"), informed the court that he had discussed the "possible outcomes of this case," which included "a number of sessions with Mr. Rodriguez[,] [n]ot just in the Court's holding pen at calendar calls, but also on more substantial counsel visits with interpreters provided by the Court." Scott notified the court that he had "conveyed the [range] of sentences to Mr. Rodriguez, should he be found guilty after the trial," as well as "the offers of plea bargains," including a "one count plea to the indictment, . . . with a sentence of eight years to life." The trial court informed Rodriguez that he could "plead to a lesser charge and get a sentence of eight years to life," or, if the case proceeded to trial and the jury convicted Rodriguez, he "could be sentenced to twenty-five y[e]ars to li[f]e." Rodriguez informed the trial court that he "want[ed] to take [his] case to trial." The trial court again warned Rodriguez that he could "wind up in State prison for twenty-five years to life," and Rodriguez responded, "I'll take the risk." The trial court urged Rodriguez to confer with Scott, to listen to Scott's advice, and noted that the court believed Rodriguez "should seriously consider taking the eight to life [plea-bargained sentence offer]." Rodriguez informed the court that he understood "the risk that [he was] taking."

Several days later, on October 4, 2004, a hearing was held at which the trial court inquired whether Scott had an opportunity to discuss with Rodriguez the possible disposition of the case. Scott responded that he had discussed the case with Rodriguez, "on Friday, after we ended the court session, . . . ; with his wife over the weekend; and again twice this morning," and Rodriguez "wants to go forward with the trial." The trial court then inquired:

> THE COURT: Is that correct, Mr. Rodriguez, you want to go forward with the trial?
> THE DEFENDANT: Yes.
> THE COURT: You realize you are still being offered the eight to life, and you realize

there's a possibility of twenty-five to life, if you go to trial? So you are gambling
with all of those years. You understand that? Twenty-five years that could be a long
time. You understand that?
THE DEFENDANT: Yes.

At the conclusion of the trial, the jury found Rodriguez guilty for first- and third-degree criminal possession of a controlled substance. On October 26, 2004, Rodriguez was sentenced to a term of twenty years-to-life imprisonment on the first-degree count, and to a term of five-to-fifteen years imprisonment on the third-degree count, to be served concurrently.

Subsequently, the petitioner filed a direct appeal in the New York State Supreme Court, Appellate Division, First Department, arguing that: (1) the trial court's Sandoval[1] ruling violated the petitioner's due process rights; and (2) the trial court admitted improperly, into the trial record, testimony about, and a videotape depicting, hundreds of kilograms of narcotics and drug smuggling paraphernalia, for which the petitioner was not charged. In May 2006, the Appellate Division affirmed the petitioner's conviction unanimously. See People v. Rodriguez, 29 A.D.3d 307, 813 N.Y.S.2d 432 (App. Div. 1st Dep't 2006). The petitioner applied for leave to appeal to the New York Court of Appeals. On July 14, 2006, that application was denied. See People v. Rodriguez, 7 N.Y.3d 794, 821 N.Y.S.2d 824 (2006).

While Rodriguez pursued his direct appeal, in December 2005, he moved for "resentencing" pursuant to CPL §§ 330.30, 440.10, and 440.20, arguing that the Drug Law

---

[1] A hearing pursuant to People v. Sandoval, 34 N.Y.2d 371, 357 N.Y.S.2d 849 (1974), is used to determine the extent to which a criminal defendant will be subject to impeachment by cross-examination about prior criminal convictions if he testifies at his trial.

Reform Act ("DLRA") of 2004 required that his sentence be reduced. In February 2006, the New York State Supreme Court, New York County, denied the petitioner's motion, and the Appellate Division, First Department, denied the petitioner's motion for leave to appeal from that determination.

In September 2005, while Rodriguez's first motion for resentencing was pending, Rodriguez filed a motion, pursuant to New York Laws of 2004, ch. 738, § 23, for resentencing in accordance with DLRA. After hearings were held, the New York State Supreme Court, New York County, granted the motion, and stated that "it is the court's intention that defendant's . . . sentence of twenty years-to-life . . . be vacated and that he will be re-sentenced to a determinate term of eighteen (18) years' incarceration for that conviction, to be followed by five years of post-release supervision." The petitioner appealed the court's proposed resentencing order. In June 2007, the Appellate Division, First Department, affirmed the proposed order unanimously. See People v. Rodriguez, 41 A.D. 3d 334, 837 N.Y.S.2d 569 (App. Div. 1st Dep't 2007). In July 2007, the petitioner was resentenced in conformity with the proposed order. Thereafter, the petitioner was resentenced, as a second felony offender, to an indeterminate prison term of five-to-ten years on his third-degree criminal possession of a controlled substance conviction, which was to run concurrently with the sentence on his first-degree criminal possession of a controlled substance conviction.

In July 2007, the petitioner filed a pro se motion, pursuant to CPL § 440.10, in which he argued that his trial counsel rendered ineffective assistance to him, because counsel failed to: (1) advise him whether acceptance of a plea-bargain offer was in his best interest; and (2) inform

4

him of the disparity between the length of his sentence pursuant to the plea-bargain offer and the sentence he could face if he proceeded to trial. The petitioner alleged that, had his attorney provided "sound advice" on the propriety of accepting the plea-bargain offer, he would have done so. The prosecution opposed the petitioner's motion, and, in support, submitted an affirmation by Scott, in which Scott stated he: (1) "relayed the [plea-bargain] offer to the [petitioner] and told him it was a good offer"; (2) "told Rodriguez that he should accept the plea"; (3) "advised him that he was facing a minimum of 15 years to life and a maximum of 25 years to life"; (4) "discussed the evidence in the case with the [petitioner] but he refused to listen, claiming that he was innocent and wished to proceed to trial"; (5) requested that the trial judge "discuss the [plea-bargain] offer with the [petitioner] and he did"; and (6) never perceived any indication that Rodriguez had "any desire to plead guilty."

On February 28, 2008, the New York State Supreme Court, New York County, denied the petitioner's motion, finding that, "[a]t the very least, the record makes clear that Scott conveyed the plea [-bargain] offer to defendant in open court, and that he enlisted the court's assistance in informing defendant that the plea [-bargain] offer was highly favorable and that defendant should accept it." Altogether, the court concluded that "the evidence, the law and the circumstances of this case . . . reveal that Scott afforded meaningful, if not extraordinary, representation." Rodriguez did not appeal from the denial of his CPL § 440.10 motion.

In March 2008, the instant application for a writ of habeas corpus followed.

### III. DISCUSSION

"[A] petitioner must present his federal constitutional claims to the highest court of the

5

state before a federal court may consider the merits of the petition." Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). Although the petitioner filed a CPL § 440.10 motion, in which he raised his ineffective assistance of trial counsel claim, he did not file an appeal from the February 28, 2008 denial of that motion, and, thus, this claim is unexhausted. See Reyes v. Phillips, No. 02 Civ. 7319, 2005 WL 475544 *5 (S.D.N.Y. Mar. 1, 2005) ("Failure to seek leave to appeal the denial of a § 440.10 motion to the Appellate Division constitutes failure to exhaust the claims raised in that motion") (citing Pesina v. Johnson, 913 F.2d 53 [2d Cir. 1990]). Petitioner had thirty days from February 28, 2008, to seek permission to appeal from the denial of his CPL § 440.10 motion. See CPL § 450.15(1) ("If an appeal by defendant is not authorized as of right . . . the defendant may appeal from [an order denying a CPL § 440.10 motion], provided that a certificate granting leave to appeal is issued pursuant to section 460.15"); see also CPL § 460.10(4)(a) ("Within thirty days after service upon the defendant of a copy of the order sought to be appealed, the defendant must make application, pursuant to section 460.15, for a certificate granting leave to appeal to the intermediate appellate court"). Since the petitioner can no longer move timely for permission to appeal from the denial of his CPL § 440.10 motion, his ineffective assistance of trial counsel claim is procedurally barred, and is deemed exhausted. See Thomas v. Greiner, 111 F. Supp. 2d 271, 276 (S.D.N.Y. 2000).

In the circumstance of the case at bar, it would be futile for Rodriguez to return to state court to file an appeal from the denial of his CPL § 440.10 motion. Therefore, granting his motion for an order staying the habeas corpus proceedings and holding his petition in abeyance, so that he may return to state court to exhaust his ineffective assistance of trial counsel claim, is not warranted.

## IV. CONCLUSION

For the reasons set forth above, the petitioner's September 3, 2008 motion for an order staying the habeas corpus proceedings and holding his petition in abeyance, so he may return to state court to exhaust his ineffective assistance of trial counsel claim, is denied.

Dated: New York, New York
October 24, 2008

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Orlando Rodriguez
04-A-5895
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Priscilla Steward
Assistant Attorney General
Federal Habeas Corpus Section
One Hogan Place
New York, NY 10013